| | |
|---|---|
| SULLIVAN, HILL, LEWIN, REZ & ENGEL<br>A Professional Law Corporation<br>  Christine A. Roberts, NV SBN 6472<br>  Elizabeth E. Stephens, NV SBN 5788<br>228 South Fourth Street, First Floor<br>Las Vegas, NV 89101<br>Telephone: (702) 382-6440<br>Fax Number: (702) 384-9102<br><br>Attorneys for Yvette Weinstein,<br>Chapter 7 Panel Trustee | **Electronically Filed: August 30, 2010** |

## UNITED STATES BANKRUPTCY COURT
### District of Nevada

| | | |
|---|---|---|
| In re<br><br>CHRISTOPHER A. SUTTON,<br>*aka*<br>CHRISTOPHER ALVIN SUTTON,<br>*dba*<br>SUTTON DENTAL LAB, LTD. (A NEVADA CORPORATION)<br><br>            Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. BK-S-10-16730-BAM<br><br>Chapter 7<br><br>**MOTION TO APPROVE SETTLEMENT OF CLAIM AND TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO §363 TO THE DEBTOR**<br><br>Date: October 6, 2010<br>Time: 11:00 a.m.<br>Ctrm: 3<br>       Foley Federal Building<br>       300 Las Vegas Blvd. So.<br>       Las Vegas, NV 89101<br>Judge: Hon. Bruce A. Markell |

Yvette Weinstein Chapter 7 Panel Trustee, ("Trustee"), by and through her attorneys Elizabeth A. Stephens, Esq., of the law firm SULLIVAN, HILL, LEWIN, REZ & ENGEL, hereby moves this Court for an order approving Settlement of Claim, and for Sale Pursuant to §363 to the Debtor ("Motion"). This Motion is based upon the entire case file, the memorandum of points and authorities contained herein, the Declaration of Yvette Weinstein ("Weinstein Declaration") filed concurrently herewith, and any oral argument this Court may entertain.

/ / /

- 1 -

314124-v1

# POINTS AND AUTHORITIES

## I.

### STATEMENT OF FACTS

1. On or about April 17, 2010, Christopher A. Sutton ("Debtor") filed a Voluntary Chapter 7 Petition.

2. Yvette Weinstein was appointed as the Chapter 7 Panel Trustee and has acted in that capacity ever since his appointment.

3. On Schedule B-13, Debtor listed a 100% interest in Sutton Dental Lab, Ltd. ("Sutton Dental") valued at $100.00. However, Schedule B-29 and B-30 Debtor also listed equipment and inventory valued with a value of $4,500.00.

4. The Debtor submitted to a business review by Paul M. Healey CPA, Ltd. Mr. Healey valued the business at $46,075.00.

5. The parties have agreed to terms regarding the sale of the Estate's interest in the corporation. A copy of the Stipulation is attached to the Weinstein Declaration as Exhibit "1".

6. Debtor has agreed to purchase the Estate's interest in Sutton Dental Lab, Ltd. for $30,000 payable over twenty-four months in equal installments of $1,250.00, on the 30th of each month beginning in August, 2010.

7. The Trustee believes the sale is in the best interest of the creditors of the Estate.

8. The Trustee is also seeking to sell the Estate's interest in Sutton Dental to the debtor free and clear of all lien and encumbrances.

9. In the Trustee's business judgment this sale is in the best interests of the bankruptcy Estate. *See* Weinstein Declaration, ¶ 11.

## II.

### ARGUMENT

**A. The Trustee Believes the Settlement and Sale is in the Best Interest of the Creditors.**

After notice and hearing the Court may approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). The Trustee believes that this is a fair settlement and will benefit the Estate. The Estate is relieved of the obligation to object to litigate the value of the corporation. The

1  Trustee believes that this settlement and sale of the Estate's membership interest in Sutton Dental
2  Lab Ltd. is in the best interests of the creditors of the Estate and requests that the Court approve the
3  settlement.
4  　　　The approval of a settlement by the Bankruptcy Court is within the full discretion of the
5  Court and requires only a sufficient factual record upon which the Court may make an informed and
6  independent judgment. *See Protective Committee for Independent Stockholders of TMT Trailer*
7  *Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The Bankruptcy Court has great discretion in
8  approving compromise agreements. The standard is whether a settlement is fair and equitable. *In re*
9  *Woodson*, 839 F.2d 610, 620 (9th Cir 1988). It is well established that the law favors compromise in
10 bankruptcy cases. *In re Blair*, 538 F.2d 849, 851 (9th Cir 1976).
11 　　　A settlement should be approved if it is fair and equitable – the Court need not determine the
12 merits of the claims to be compromised, but merely whether the settlement entered into was
13 reasonable, given the particular circumstances of the case. The Court's responsibility is not to
14 decide the numerous issues of fact and law, but merely to decide whether the settlement falls within
15 a reasonable range. *Neiman v. Stein*, 464 F.2d 689, 693 (2nd Cir 1972).
16 　　　When evaluating the fairness and equity of the settlement, the Ninth Circuit has held that the
17 Court should consider the following factors: (1) the probability of success in litigation; (2) the
18 complexity of the litigation involved, and the expense, inconvenience and delay necessarily
19 attending it; (3) the difficulty, if any, to be encountered in the matter of collection; and (4) the
20 paramount interest of the creditors and a proper deference to their view. *See In re A&C Properties*,
21 784 F.2d 1377, 1381 (9th Cir. 1986). The settlement should be approved when the settlement meets
22 the burden after examination of all these factors.
23 　　　These factors support the settlement proposed here:
24 　　**1. Probability of Success in Litigation**
25 　　　The Trustee succeeded to the Debtor's ownership interest in Sutton Dental Lab, Ltd. The
26 Trustee engaged a CPA to value the business. The Debtor believed it was worth the value of the
27 assets, about $4,500.00. The CPA determined it was worth $46,075.00. This settlement will obviate
28 needless litigation.

### 2. The Complexity of Inconvenience and Expenses of Litigation

The second factor the courts will consider when determining whether to approve a compromise is the complexity of the litigation involved, expense, inconvenience, and delay necessary. *Id.* As discussed above, by this settlement the parties have avoided litigation altogether. This factor mitigates in favor of settlement.

### 3. Difficulty of Collection

The Debtor's consent to pay will ease the collection of the sale price. Moreover, the Debtor clearly has control over the future operation of the business.

### 4. The Settlement is in the Best Interest of the Creditors

The fourth and the most crucial factor the court considers when determining if a settlement should be approved is the paramount interest of the creditors and proper deference to their view. The Trustee believes the settlement is in the best interest of all the creditors because it ensures the Trustee will receive payment. The settlement with the parties is a fair and reasonable settlement and will result in less risk to the Estate and to the unsecured creditors. There is no guarantee that the Trustee would recover a larger sum through litigation and outside sale, and as described above, the Trustee believes that the settlement is fair and reasonable.

### B. The Trustee is Seeking to Sell the Estate's Interest in the Debtor's Personal Property.

The Trustee is seeking to sell the Estate's interest in Sutton Dental free and clear of all liens and encumbrances to the Debtor for $30,000.00.

11 U.S.C. 363(b) provides in pertinent part:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

The Trustee is seeking to sell this property after notice and a hearing. Further the trustee has a duty under the Bankruptcy Code to liquidate the estate assets as expeditiously as possible. 11 U.S.C. §704 provides as follows:

/ / /

/ / /

- 4 -

314124-v1

The trustee shall–

> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

The Trustee asserts that a sale of this property to the Debtor is the most expeditious and beneficial method to sell this property. The Trustee believes that the sale of this property will benefit the estate and all creditors. Further, the Trustee is unaware of liens or encumbrances on the property. However, the Bankruptcy code permits the sale real property free and clear of all encumbrances when certain conditions are met. 11 U.S.C. 363 (f) provides for five conditions. In order to approve a sale, at least one of the five conditions must be met.

11 U.S.C. 363(f) provides as follows:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if–property to be sold is greater than the aggregate value of all liens on such property;
>
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents,
> (3) such interest is a lien and the price at which such property to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fid dispute, or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

In this case, the property was owned free and clear by the Debtor.

### III.

### **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court approve the settlement with the parties, the sale of the Estate's interest free and clear of liens and encumbrances pursuant to §363 to the Debtor and for any further relief that the Court deems just and proper.

Dated:   August 30, 2010         SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                  A Professional Law Corporation


                                  By:    */s/ Elizabeth E. Stephens*
                                         Christine A. Roberts, Esq.
                                         Elizabeth E. Stephens, Esq.
                                         Attorneys for Trustee, Yvette Weinstein

- 5 -

314124-v1